```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

```
JASON TODD CHANDLER,           )
                               )
     Plaintiff,                )
                               )
v.                             )
                               )   No.  16-1203-TMP
CAROLYN W. COLVIN, ACTING      )
COMMISSIONER OF SOCIAL         )
SECURITY,                      )
                               )
     Defendant.                )
```

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Before the Court is plaintiff Jason Todd Chandler's appeal from a final decision of the Commissioner of Social Security[1] ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq.* (ECF No. 1.)  The parties have consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 9.)  The case was reassigned to the undersigned on March 13, 2017.  For the following reasons, the Commissioner's decision is affirmed.

### I.  FINDINGS OF FACT

Chandler applied for disability insurance benefits in June

---

[1] Carolyn W. Colvin was the Acting Commissioner of Social Security at the time this action was filed.

2013, alleging an onset date of August 20, 2012.[2] (R. 157.) His claim was denied initially and upon reconsideration. (R. 96; 103.) At Chandler's request, an Administrative Law Judge ("ALJ") held a hearing and issued a written decision. (R. 14-27.) Both Chandler and a vocational expert ("VE") testified at the hearing. (R. 17.) In his written decision, the ALJ first found that Chandler has not engaged in substantial gainful employment since his alleged onset date. (R. 19.) Next, the ALJ found that Chandler suffered from the following severe impairments: cervical degenerative disc disease; lumbar degenerative disc disease; right shoulder degenerative joint disease; and obesity. (R. 19.) The ALJ found that these impairments, individually and/or combined did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. part 404, Subpart P, Appendix 1. (R. 19.) The ALJ also found that Chandler retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, crouch, stoop, kneel, and crawl; can occasionally reach overhead bilaterally, and can frequently reach in all other directions; can occasionally push or pull within the limits of sedentary work; can sit for 30 minutes at a time and then would need to stand for 10 minutes before sitting again.

---

[2]Chandler also applied for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1391 *et seq*. (R. 164.) His Title XVI application was denied on technical eligibility grounds for excess resources (R. 88), and is not at issue in this appeal. (ECF No. 11-1 at 1.)

(R. 20.) In making this RFC determination, the ALJ specifically considered Chandler's testimony at the hearing. Chandler testified that his neck is painful at extreme ranges of motion, but that his pain medication helps sometimes; he also testified that the medication caused drowsiness and he has consistent trouble sleeping. (R. 21.) He also testified that his back hurts daily, and that walking, lifting, pushing, pulling, or doing anything with his left side causes his neck and back to hurt. (R. 21.) Chandler further testified that he could sit for 30-60 minutes before needing to stand; stand and/or walk for 30-60 minutes before needing to sit; and lift 10 pounds. (R. 21.) The ALJ determined that while Chandler's medically-determinable impairments could reasonably be expected to cause the alleged symptoms, Chandler's testimony as to the intensity, persistence and limiting effects was not entirely credible. (R. 21.)

In making his RFC determination, the ALJ also reviewed the relevant medical records. Significantly, Dr. Lovell treated Chandler from 2009-2013 for his degenerative disc disease, shoulder pain, and obesity; Chandler underwent a cervical fusion on February 1, 2010, as part of this treatment, and reached maximum medical improvement on April 26 of that year. (R. 21.) Chandler complained of right shoulder pain to Dr. Gladwell after having surgery; at a January 26, 2011, visit, Chandler stated that while he had no complaints about his right shoulder, he was suffering

from neck pain.  (R. 21.)  Chandler again saw Dr. Lovell for neck pain in February 2011, but Dr. Lovell noted good range of motion and no other problems and advised Chandler that he could still work full duty.  (R. 22.)  An independent medical examination by Dr. Dalal on April 7, 2011 found the totality of Chandler's neck and right shoulder impairments equaled 17% of his body as a whole, and that he should not lift more than 25 pounds.  (R 22.)  Chandler underwent an MRI at Dr. Lovell's direction on February 1, 2012, after which Dr. Lovell diagnosed degenerative disc disease and recommended a steroid injection.  (R. 22.)  On May 11, 2012, Dr. Lovell reviewed the past MRI and a new MRI, taken on April 23, 2012, with Chandler; Dr. Lovell noted three disc herniations that are intermittently symptomatic ranging from minimal to significant, according to Chandler.  Dr. Lovell placed Chandler at maximum medical improvement and released him without restrictions.  (R. 22.)  After undergoing another spinal surgery on August 20, 2012, Dr. Lovell noted at a follow up that Chandler was improving well.  (R. 22.)  Dr. Lovell sent Chandler to physical therapy for 3 days a week for 3 weeks; his progress report indicated that his pain was down to 2 out of 10, he was sleeping better, had a hard time driving, and had to make frequent positional changes.  (R. 22-23.)

Dr. Bradberry treated Chandler from 2008 to 2014, primarily for high blood pressure and other issues not related to his disability, such as colds and fevers.  (R. 23; 340-63; 440-70.)

Dr. Bradberry also filled out a Medical Assessment of Ability to do Work Related Activities on April 15, 2014. (R. 455-58.) The ALJ noted that the doctor's name was illegible, and there was no indication of what the doctor reviewed in making his determination. (R. 24.) Even so, the ALJ gave partial weight to the opinion, because it was generally in consensus with the medical record and Chandler's testimony, and because the ALJ's RFC determination already accounted for the doctor's postural limitations and the sit/stand option in the RFC determination was less restrictive. (R. 24.) Dr. Bradberry also opined in a separate letter that Chandler could not sit or stand for more than 20 minutes and could not, in his opinion, engage in sedentary work; the ALJ gave little weight to Dr. Bradberry's opinion regarding Chandler's capacity to perform sedentary work because that determination is reserved for the commissioner, and some weight to Dr. Bradberry's opinion regarding Chandler's ability to sit and stand, noting that this limitation is accounted for in the RFC determination. (R. 24.)

Finally, the ALJ determined that, while Chandler was unable to perform past relevant work, jobs exist in significant numbers in the national economy that Chandler can perform. (R. 25-26.) Because Chandler's ability to perform all or substantially all of the requirements of the sedentary level was work was impeded by additional limitations not contemplated by the Medical-Vocational Guidelines, the ALJ relied upon the VE's testimony in making this

determination. (R. 26.) The ALJ specifically noted that the VE's opinion accounted for jobs with the included overhead-reaching and sit/stand limitations. (R. 26.) Thus, the ALJ determined that Chandler is not disabled. (R. 26-27.) The Social Security Administration's ("SSA") Appeals Council denied Chandler's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1.)

Chandler filed the instant action on July 12, 2016. (ECF No. 1.) Chandler argues that the ALJ erred by (1) failing to give substantial deference, or assign greater weight, to Dr. Bradberry's opinion, and (2) failing to take Chandler's testimony regarding his ability to maintain concentration and need for frequent breaks into account in his RFC determination. (ECF No. 11-1 at 5; 8.)

## II. CONCLUSIONS OF LAW

**A. Standard of Review**

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the

Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir. 2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is

charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v. Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B.   The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is

on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return

to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C. Whether the ALJ's Assessment of Chandler's Treating Physician, Dr. Samuel Bradberry, Was Supported By Substantial Evidence**

Chandler first argues that the ALJ erred by not assigning controlling weight to the opinion of his treating physician, Dr. Bradberry. (ECF No. 11-1 at 5-6.) Treating sources are accepted medical sources who have or have had an "ongoing treatment relationship" with a claimant. 20 C.F.R. § 416.927(a)(2). ALJs assess a treating source's opinion to determine if it is consistent with the medical records and is well-supported by clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.927(c)(2). If it is, the ALJ will give the opinion controlling weight; if it is not, the ALJ will apply a set of regulatory factors to the opinion to determine what weight to give it. Id. ALJs should "always give good reasons" in their decisions for the weight that they gave the

opinion of a treating source. Id. However, in certain instances, such as when the "Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion[,]" it amounts to a harmless error for an ALJ to fail to comply with these regulatory requirements. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546–47 (6th Cir. 2004). In addition, "a treating source's opinion may be given little weight if it is unsupported by sufficient clinical findings and is inconsistent with the rest of the evidence." Morr v. Comm'r of Soc. Sec., 616 F. App'x 210, 211 (6th Cir. 2015) (citing Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993)); see also Keeler v. Comm'r of Soc. Sec., 511 F. App'x 472, 473 (6th Cir. 2013).

Chandler initially complains that the ALJ noted in his decision that one of the letters that Dr. Bradberry submitted included an "illegible signature." Chandler also argues that Dr. Bradberry's assessment compels a finding of disabled because he opined that Chandler could only sit for three hours total in a work day, and stand and walk for four hours. (ECF No. 11-1 at 7.) Thus, Chandler argues that he cannot perform substantial gainful employment at any exertional level, because he cannot sit, stand, and walk, in sum, for eight hours a day. See SSR 96-8p. However, the ALJ clarified the identity of the author of the letter at the hearing, and his decision discussed the rationale in deciding what weight to assign it. Specifically, the ALJ observed that the note

did not include any discussion of the evidence the doctor relied on in reaching this conclusion. (R. 456-58.) The ALJ assigned partial weight to the opinion and noted that other limitations noted by this letter were accounted for in the RFC. (R. 24.) The ALJ's decision to give little weight to this opinion where it was not supported by adequate explanation was proper. See 20 C.F.R. § 404.1527(c)(3) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion.").

Furthermore, the ALJ observed that Dr. Bradberry was Chandler's primary care physician and mostly treated Chandler for ailments unrelated to his alleged disabilities (although Dr. Bradberry did take over Chandler's pain medication for pack pain and helped manage his back pain starting in January 2014). See 20 C.F.R. § 404.1527(c)(2)(ii). In addition, the ALJ identified other medical records in this case that differed from Dr. Bradberry: specifically, two non-examining state agency doctors opined that Chandler could sit stand and/or walk for 6 hours in an 8 hour workday. (R. 24-25.) The ALJ noted that Chandler's testimony and other medical evidence suggested greater limitations existed and therefore gave these assessments little weight in this regard. (R. 25.) Even so, these assessments differ from Dr. Bradberry's, and the ALJ properly identified inconsistencies within the record in compliance with 20 C.F.R. § 404.1527(c)(4). And, the ALJ

accommodated the impairments that Dr. Bradberry identified in his RFC determination, including the ability to stand and/or sit for 30 minutes at a time. See Turk, 647 F. App'x at 640-41.

Finally, the ultimate decision of whether Chandler could perform sedentary work is reserved for the Commissioner. Thus, the ALJ properly afforded little weight to this portion of Dr. Bradberry's letter. See 20 C.F.R. § 404.1527(d); Turk v. Comm'r Soc. Sec., 647 F. App'x 638, 640 (6th Cir. 2016). The ALJ's discussion of his rationale for assigning Dr. Bradberry's opinions the weight that he did was sufficient to provide good reasons. See Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 651 (6th Cir. 2009); Bledsoe v. Barnhart, 165 F. App'x 408, 412 (6th Cir. 2006). This decision was supported by substantial evidence, and accordingly must be affirmed.

**D. Whether the ALJ's RFC Determination was Supported by Substantial Evidence**

Chandler next argues that the ALJ erred by stating that he found Chandler's testimony regarding his ability to concentrate and need to take frequent breaks through the day to be credible, but failing to fully include these limitations in his RFC finding. (ECF No. 11-1 at 8-9.) The Sixth Circuit has "'held that an administrative law judge's credibility findings are virtually unchallengeable' absent compelling reasons." Shepard v. Comm'r of Soc. Sec., No. 17-1237, 2017 WL 4251707, at *4 (6th Cir. Sept. 26, 2017) (quoting Ritchie v. Comm'r of Soc. Sec., 540 F. App'x 508,

-13-

511 (6th Cir. 2013)). Those compelling reasons appear when ALJs' credibility determinations are not "supported by substantial evidence." Rogers, 486 F.3d at 249. When making a credibility determination, ALJs "must consider the entire case record and give specific reasons for the weight given to the individual's statements." SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996). In the event that "an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record . . . ." Id. Beyond objective medical evidence, the SSA has identified several specific considerations for ALJs. These include the claimant's daily activities; the location, duration, frequency and intensity of the symptoms; aggravating factors; type, dosage, effectiveness, and side effects of medications; treatment other than medication that the claimant receives; and any other information relevant to these symptoms. 20 C.F.R. § 404.1529(c)(3)(i)–(vii).

Chandler asserts that "the ALJ specifically articulated '[a]fter a thorough review of the same, the undersigned finds the claimant to be credible . . .'" (ECF No. 11-1 at 9.) Chandler essentially argues that, simply because the ALJ made one passing statement as to his credibility, the entirety of Chandler's testimony should have been reflected in the ALJ's RFC determination. However, Chandler misconstrues the ALJ's decision:

the ALJ specifically stated that while he found Chandler credible, he nonetheless found his impairments not disabling, and also stated that he found Chandler's testimony "concerning the intensity, persistence and limiting effects of these symptoms . . . not entirely credible for the reasons explained in this decision." (R. 21; 23.) Those reasons included inconsistencies in the medical record, and a lack of any clinical findings to support Chandler's contentions regarding concentration and his ability to fall asleep. (R. 20-23.) Chandler's submission to this court fails to point to any objective medical evidence that would support this claim. Thus, the ALJ properly did not include subjective complaints which were not supported by objective medical evidence in his RFC determination.[3] Accordingly, the ALJ's assessment of Chandler's credibility was proper and his RFC determination, which was supported by substantial evidence, must be affirmed.

### III. CONCLUSION

For the foregoing reasons, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

s/ Tu M. Pham<br>
TU M. PHAM<br>
United States Magistrate Judge

---

[3] The court notes that, where Chandler's testimony regarding his condition was supported by objective medical evidence, such testimony was reflected in the RFC determination. For example, the ALJ's RFC determination reflects Chandler's testimony regarding his ability to stand for a half hour at a time, and lift up to 10 pounds.

<u>May 14, 2018</u>
Date